**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| *IN RE* APPLICATION OF LOSERIAN MINIS, *ET. AL*. FOR AN ORDER GRANTING LEAVE TO ISSUE SUBPOENAS FOR THE TAKING OF DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | ) | **Case No.** |

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION OF LOSERIAN MINIS, *ET. AL.* FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

**TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT.........................................................................1

FACTUAL BACKGROUND.........................................................................................................3

NATURE AND RELEVANCE OF THE DISCOVERY SOUGHT…………………………..............5

ARGUMENT ..............................................................................................................................6

I. Plaintiffs satisfy the three statutory prerequisites ......................................................................7

II. The discretionary factors favor the grant of discovery .............................................................7

A. Tanzanian courts would likely accept federal court assistance under Section 1782 in this cases .......................................................................................................................9

B. This application does not conceal an attempt to circumvent foreign proof-gathering restrictions.........................................................................................................................11

C. The discovery sought is narrowly tailored to the needs of the Tanzanian litigation, and is neither burdensome nor intrusive. .......................................................................12

CONCLUSION ..........................................................................................................................13

## TABLE OF AUTHORITIES

**U.S. Cases**

*Chevron Corp. v. Shefftz*, 754 F. Supp. 2d 254 (D. Mass. 2010)....................................7, 8, 10, 11

*Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373 (5th Cir. 2010) ......................................10

*Esses v. Hanania (In re Esses)*, 101 F.3d 873 (2d Cir. 1996).........................................................7

*Fleischmann* v. *McDonald's Corp.*, 466 F. Supp. 2d 1020 (N.D. Ill. 2006).................................12

*In re* 28 *U.S.C. § 1782*, 249 F.R.D. 96 (S.D.N.Y. 2008) .............................................................12

*In re Application of Babcock Borsig AG*, 583 F. Supp. 2d 233 (D. Mass. 2008)....................10, 11

*In re Bayer AG*, 146 F.3d 188 (3d Cir. 1998)……………………………………………6, 10

*In re Chevron Corp. (Bonifaz)*, 762 F. Supp. 2d 242 (D. Mass. 2010).........................................10

*In re Chevron Corp. (Donziger)*, 749 F. Supp. 2d 141 (S.D.N.Y. 2010) .....................................11

*In re Republic of Ecuador (Kelsh)*, No. C 11-80171 CRB, 2011 U.S. Dist. LEXIS 108612 (N.D. Cal. Sept. 23, 2011) ..........................................................................................6

*In re Chevron Corp. (Rourke & Picone)*, 753 F. Supp. 2d 536 (D. Md. 2010).............12 & note 9

*In re Chevron Corp. (Uhl, Baron, Rana & Associates*), 633 F.3d 153 (3d Cir. 2011) ....................................................................12 & note 9

*In re ROZ Trading Ltd.*, No. 1:068 cv-02305-WSD, 2007 U.S. Dist. LEXIS 2112 (N.D. Ga. Jan. 11, 2007)...................................................9, 10

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) .................................... *passim*

*Metallgesellschaft* v. *Hodapp*, 121 F.3d 77 (2d Cir. 1997) ............................................................7

*Mirana v. Battery Tai-Shing Corp.*, NO. C 08-80142 MISC. JF (RS), 2009 U.S. Dist. LEXIS 12212 (N.D. Cal. Feb. 5, 2009) .......................................................7

*U.S. v. Global Fishing, Inc.*, 634 F.3d 557 (9th Cir. 2011) ............................................................6

*Weber v. Finker,* 554 F.3d 1379 (11th Cir. 2009)....................................................................6, 12

**Foreign Cases**

*Mondorosi Village Council v. Tanzania Breweries Limited*,
Land Case No. 26 of 2013 (Arusha High Ct.) (Tz.). ............................................................1

**Statutes and Rules**

28 U.S.C. § 1331.......................................................................................................................1

28 U.S.C. § 1782...............................................................................................................*passim*

Applicants Loserian Minis, Joshua Makko and Lotha Nyaru ("Applicants") respectfully submit this Memorandum of Law in support of their application pursuant to 28 U.S.C. § 1782 to obtain discovery from Respondents Wineland-Thomson Adventures, Inc., d/b/a Thomson Safaris ("Thomson Safaris") and Thomson Safaris' owners, Judi Wineland and Warwick Thomson. Applicants seek this discovery for use in pending foreign proceedings in Tanzania in which Applicants are parties.[1]

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this matter arises under 28 U.S.C. § 1782. On information and belief, Respondent Thomson Safaris maintains its corporate headquarters and principal place of business at 14 Mount Auburn Street in Watertown, Massachusetts, and Respondents Wineland and Thomson reside in this District.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Applicants file this application to seek documents and testimony that will be highly relevant to an action in the High Court of Tanzania, *Mondorosi Village Council v. Tanzania Breweries Limited*, Land Case No. 26 of 2013 (Arusha High Ct.) (Tz.).[2] The *Mondorosi* plaintiffs – Maasai pastoralists who have historically resided in the remote Ngorongoro District of the Arusha Region of Tanzania – claim that through customary use and adverse possession, they are the rightful and legal owners of a 12,617 acre stretch of land known as Sukenya Farm, which they have historically used for traditional pastoral purposes, including grazing and watering their livestock. *See*, Vahlsing Decl. Ex. A (*Mondorosi* Complaint ("Plaint")). They allege that Thomson Safaris' Tanzanian

[1] Section 1782(a) provides: "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person . . ." 28 U.S.C. § 1782(a).
[2] The Applicants are plaintiffs in the Tanzanian action as representatives of their native villages of Mondorosi, Soitsambu, and Sukenya, respectively.

affiliate, Tanzania Conservation Limited (TCL), forcibly evicted them and their fellow villagers so Thomson Safaris could run luxury safaris on the land. According to the Plaint, TCL is liable for conversion of land and human rights abuses intended to discourage the plaintiffs from exercising their property rights to the land in controversy. *See* Vahlsing Decl. Ex. A.

The *Mondorosi* action alleges that TCL does not have lawful title to Sukenya Farm and that the Plaintiffs have a superior claim based on their customary use and adverse possession. Plaintiffs ask the Tanzanian High Court to revoke the illegal land transfer to TCL, award damages for the injuries they have suffered as a result of the denial of access to the land, and issue a temporary injunction to prevent TCL from using the land for safari tourism. Applicants' discovery requests include information on topics that are directly relevant to proving their claims and assessing the quantum of damages, such as the acquisition of Sukenya Farm, Thomson Safaris' efforts to change the land's use from pastoralism to tourism, the relationship between Thomson Safaris and defendants in *Mondorosi*, and the violent incidents of dispossession, harassment, and destruction of property that Applicants allege to have occurred during the occupation of the land in dispute.

This application satisfies each of Section 1782's statutory prerequisites. All Respondents reside and may be found in this District, the discovery is for use in a foreign proceeding, and the Applicants, as parties in *Mondorosi*, are the quintessential interested persons in that proceeding. 28 U.S.C. § 1782. The discretionary factors also favor granting this Application. None of the Respondents is a party in the foreign proceeding; there is every reason to believe that Tanzanian courts will receive evidence produced under Section 1782; this Application does not conceal an attempt to circumvent foreign proof-gathering restrictions and is a good faith effort to obtain probative evidence; and the discovery sought is not unduly intrusive or burdensome.

Accordingly, the Plaintiffs respectfully request that the Court grant this Section

1782 application as expeditiously as possible.

## FACTUAL BACKGROUND

Tanzania Conservation Limited, a Tanzanian company, operates a wildlife and game preserve on the disputed land now known as Sukenya Farm. TCL is privately held by the same individuals – Respondents Judith Wineland and Warwick Thomson – who own Respondent Wineland-Thomson Adventures, Inc. d/b/a Thomson Safaris.[3] In *Mondorosi Village Council v. Tanzania Breweries Limited et al.*, Land Case No. 26 of 2013 (Arusha High Ct.) (Tz.), the Applicants, as representatives of the Village Councils of the Mondorosi, Sukenya, and Soitsambu Villages, have brought suit over the ownership of the Sukenya Farm. *See Mondorosi* Plaint, Vahlsing Decl. Ex. A ¶ 9. In addition, the *Mondorosi* Plaintiffs claim that villagers suffered numerous injuries in the course of their illegal displacement, including violent harassment and detention and deprivation of their rightful enjoyment of the land and the water situated thereon. *Id.* ¶ 18-19. They therefore seek revocation of the land transfer, damages, and equitable relief. The Plaintiffs are also currently requesting a preliminary injunction to restrain TCL from developing or conducting business at Sukenya Farm. *See* Vahlsing Decl. Ex. B (*Mondorosi* Chamber Summons, Misc. Application No. 71 of 2013 (Arusha High Ct.) (Tz.)).

The *Mondorosi* Plaintiffs contend that in 1984 or 1985, the Soitsambu Village Council transferred to Tanzanian Breweries Limited ("TBL"), a parastatal company, a non-exclusive right to cultivate certain crops on 10,000 acres of the tract that would become known as Sukenya Farm.[4] This contract contained terms limiting the area of

[3] On information and belief, Thomson Safaris is a division of Wineland -Thomson Adventures Inc., and/or Wineland Thomson Adventures Inc., does business under the name Thomson Safaris.

[4] At the time of the transfer, all the land that is now known as Sukenya Farms fell under the jurisdiction of Soitsambu Village. In the interim, due to administrative changes, the Villages of Mondorosi and Sukenya have become successors in interest to portions of the land.

TBL's use to 10,000 acres and made TBL's right to exclude the Maasai clans from Sukenya Farm conditional upon compensation and relocation of those then living on or using the land. TBL ceased all operations on Sukenya Farm in 1987; during the period of its operations on the land, TBL cultivated no more than 700 of the 10,000 acres at any one time. In the interim, the Applicants and their fellow villagers continued to use the land according to their traditions and customs – for grazing, water, habitation, and cultural rituals.

In 2006, the Applicants were notified – much to their surprise - that the land had been sold to TCL by TBL without their consultation. Moreover, the tract sold to TCL included an additional 2,617 acres, land over which TBL had never made any previous claim. Since 2006, the Plaintiffs and other Maasai villagers who depend on Sukenya Farm for habitation and livelihood have been forcibly removed by agents and employees of TCL, and they have subsequently been prevented from accessing the water sources on which they have traditionally depended to support their livestock. *See* Vahlsing Decl. Ex. A ¶¶ 15, 19; Vahlsing Decl. Ex. C (*Mondorosi* Affidavit, Misc. Application No. 71 of 2013 (Arusha High Ct.) (Tz.)) ¶ 9. The Plaintiffs allege that in furtherance of this forced dispossession, TCL and its agents burned their homes and traditional cattle enclosures, or "bomas," and subjected the villagers to violent attacks, detention, and harassment. *See* Vahlsing Decl. Ex. A ¶¶ 18-19; Vahlsing Decl. Ex. C ¶¶ 9 – 10; Vahlsing Decl. Ex. D (Affidavit of John Materu, *Soitsambu Village Council v. Tanzania Breweries Ltd.*, Land Case No. 2 of 2010 (Arusha High Ct.) (Tz.)).[5] Respondents Thomson Safaris, Wineland, and Thomson were directly involved in the land transfer to TCL and have responded publicly based on personal knowledge to allegations about the violent incidents and denial of access to water described above.[6]

---

[5] This affidavit was filed in *Soitsambu*, which was a prior stage of the *Mondorosi* action. The High Court dismissed *Soitsambu* on *res judicata* grounds, but the dismissal was reversed on appeal and Plaintiffs reinstated their lawsuit *sub nom. Mondorosi*.

[6] For example, Warwick Thomson and Judi Wineland were integral to the negotiation of

The *Mondorosi* Plaintiffs allege that TBL forfeited any claim to Sukenya Farm, based on the combined effect of TBL's abandonment of the property and the Plaintiffs' unchallenged adverse possession. Accordingly, TCL obtained no right to Sukenya Farm because TBL no longer had a property right to transfer. In addition to equitable relief to restore their land rights, the Plaintiffs seek damages from TCL and TBL for illegal occupation and waste committed on the land and for the deprivation of their rightful access to the land. They have also filed an application for an intermediate injunction[7] that would restrain TCL from developing or using the land for business purposes. *See* Vahlsing Decl. Ex. B ¶ 1.

**NATURE AND RELEVANCE OF THE DISCOVERY SOUGHT**

Applicants urgently seek discovery available to them only in this district to support the *Mondorosi* action in Tanzania. Applicants seek to serve subpoenas[8] on the Respondents requesting documents regarding, among other things:

- The terms and conditions under which land was initially transferred by Soitsambu Village Council to TBL, and any knowledge thereof on the part of Thomson Safaris;
- The terms and conditions under which the land was transferred by TBL to TCL;
- Surveys of the land that was transferred in 1984 and surveys of the land to which TCL now claims ownership;
- The forcible displacement of villagers, and any knowledge or active role on the part of Thomson or its Tanzanian agents; and
- Violent abuses, destruction of property, and denial of access to water related to

---

the "Lease Agreement" between TBL and TCL. Vahlsing Decl. Ex. I. Their signatures appear on the original document itself.

[7] An intermediate injunction is equivalent to what is known as a preliminary injunction in the United States.

[8] *See* Vahlsing Decl. Ex. E-H, Proposed Subpoenas, filed concurrently with this Memorandum.

TCL's occupation of Sukenya Farm and its efforts to exclude local Maasai. Applicants also seek to notice a Rule 30(b)(6) deposition for Wineland-Thomson Adventures Ltd. and depositions seeking information from Respondents Wineland and Thomson. Applicants anticipate seeking information relating to meetings or conversations about the topics listed above, in addition to asking questions about any documents produced pursuant to the subpoenas.

Relevant information is "presumptively discoverable" under Section 1782. *In re Bayer AG,* 146 F.3d 188, 195-96 (3d Cir. 1998); *accord Weber v. Finker,* 554 F.3d 1379, 1385 (11th Cir. 2009) (holding 1782 discovery is governed by the Federal Rules of Civil Procedure, which allow discovery of "relevant" evidence). Evidence relating to the ownership, extent, and conditions of transfer of Sukenya Farm may be introduced in the High Court of Tanzania to assist the tribunal in determining which party has a superior claim to Sukenya Farm. The tribunal may use this information to decide on the equitable relief requested by the Plaintiffs and to apportion damages for illegal occupation and waste of the land between TBL and TCL, who are both defendants in the *Mondorosi* action. Evidence relating to the violent injuries and destruction of property suffered by the villagers may be introduced in the High Court of Tanzania to assist the tribunal in determining whether TCL is liable for illegal occupation and calculating the quantum of damages payable to the Plaintiffs for acts committed in the course of TCL's deprivation of their access to the land. Evidence relating to the injuries suffered by the *Mondorosi* Plaintiffs may also be relevant to their application for injunctive relief, as it may bear on the likelihood and extent of the harm to the Plaintiffs in the absence of such an injunction.

## ARGUMENT

Congress fashioned Section 1782 to provide "broad assistance" to foreign tribunals. *United States v. Global Fishing, Inc.*, 634 F.3d 557, 563 (9th Cir. 2011). An applicant's burden under Section 1782 is "minimal." *In re Republic of Ecuador (Kelsh),*

No. C 11-80171 CRB, 2011 U.S. Dist. LEXIS 108612 (N.D. Cal. Sept. 23, 2011). The Applicants easily meet their statutory and discretionary burdens here; this discovery is exactly the type that Congress contemplated.

## I. Plaintiffs satisfy the three statutory prerequisites.

Discovery pursuant to 28 U.S.C. § 1782 has three statutory prerequisites, which are satisfied here. The statute may be invoked where (1) the discovery is sought from persons residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *See Esses v. Hanania (In re Esses)*, 101 F.3d 873, 875 (2d Cir. 1996).

First, the corporate headquarters of Thomson Safaris is in Watertown, Massachusetts, and both Respondents Wineland and Thomson reside in this District. Second, Plaintiffs seek discovery for use in an ongoing civil proceeding before a foreign tribunal, the Land Division of the High Court of Tanzania in Arusha. Third, the Applicants, as parties to the Tanzanian case, are "interested person[s]"; indeed, litigants in a foreign proceeding "are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004); *accord Chevron Corp. v. Shefftz ("Shefftz")*, 754 F. Supp. 2d 254, 260-61 (D. Mass. 2010). The statutory prerequisites are met.

## II. The discretionary factors favor the grant of discovery.

Once the statutory requirements are met, a district court "is free to grant discovery in its discretion." *Metallgesellschaft* v. *Hodapp*, 121 F.3d 77, 78 (2d Cir. 1997); *see also Mirana v. Battery Tai-Shing Corp.*, No. C 08-80142 MISC. JF (RS), 2009 U.S. Dist. LEXIS 12212, *6 (N.D. Cal. Feb. 5, 2009) ("Courts have considerable discretion under 28 U.S.C. 1782 regarding the scope of discovery ordered for use in a foreign tribunal."). This discretion "must" be exercised in light of the statute's twin aims of "providing efficient means of assistance to participants in international litigation in our federal courts

and encouraging foreign countries by example to provide similar means of assistance to our courts." *Metallgesellschaft*, 121 F.3d at 79.

The Supreme Court in *Intel Corp.* identified four factors that "bear consideration" by district courts in exercising their discretion to grant a Section 1782 application: (1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is unduly intrusive or burdensome. *Intel,* 542 U.S. at 264-65; *see also Shefftz,* 754 F. Supp. 2d at 260-61.

All four of the *Intel* factors weigh in favor of granting the Section 1782 application in this case. Nonetheless, as these factors are discretionary and not mandatory, a failure to meet any of them does not preclude discovery. For example, in *Intel*, the Supreme Court noted as to the first factor that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for §1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant," because the foreign tribunal itself can order the party to produce the evidence. 542 U.S. at 264. Although the respondent was a party to the underlying case, the Supreme Court refused to preclude discovery, instead remanding to the lower courts to determine what if any judicial assistance to the foreign tribunal was appropriate. *Intel,* 542 U.S. at 246, 264, 266.

### A. Respondents are not parties to the Tanzanian litigation and are not subject to the jurisdiction of the Tanzanian courts.

The application should be granted because none of the Respondents is a participant in the foreign litigation, nor are they apparently subject to the jurisdiction of the Tanzanian courts. Section 1782 assistance is particularly appropriate where the

discovery is sought from nonparticipants who are outside the foreign tribunal's jurisdiction, as the evidence from such parties might otherwise be unavailable in the foreign legal proceeding. *See Intel*, 542 U.S. at 264. That is precisely the circumstance here; as both the corporate and individual Respondents reside in Watertown, Massachusetts and are not present in Tanzania, this is not a situation where the "foreign tribunal has jurisdiction over [the Respondents], and can itself order them to produce evidence." *Id*. "[O]n this ground alone the first *Intel* factor is satisfied." *In re ROZ Trading Ltd.*, No. 1:068 cv-02305-WSD, 2007 U.S. Dist. LEXIS 2112, at *6 (N.D. Ga. Jan. 11, 2007).

The Applicants seek information under the control of U.S. parties. Any documents that are in the hands of Respondents Thomson Safaris, Wineland, and Thomson in the United States may not be available to the Tanzanian court through party discovery against TCL, and the Tanzanian court may not be able to compel deposition testimony from Respondents Wineland and Thomson, who have been intimately involved with decision making with respect to Sukenya Farm.

### B. Tanzanian courts would likely accept federal court assistance under Section 1782 in this case.

There is every reason to believe that the High Court of Tanzania would accept evidence produced through discovery in the United States. The Supreme Court in *Intel* directed courts to consider the nature of the foreign proceeding and the relevant tribunal, and also the receptivity of the tribunal to evidence produced pursuant to Section 1782. The First Circuit has not spoken on this factor, and decisions in this District, as well as in other courts, disagree on how it should be applied.

The majority of courts either place the burden on the Respondents to prove "non-receptivity" or, in the absence of clear evidence on the matter, look to the nature of the

proceedings as a source of direction. *See, e.g.*, *Shefftz*, 754 F. Supp. at 261-62 (considering nature of proceedings, and noting that the foreign tribunal "appears to still be accepting the submission of documents"); *In re ROZ Trading Ltd.*, 2007 U.S. Dist. LEXIS 2112 at *7 (noting that the proceedings "appear to anticipate that the parties will produce information relevant to the dispute"); *Metallgesellschaft*, 121 F.3d at 80 (requiring "authoritative proof" that foreign tribunal would not be receptive to evidence); *In re Bayer AG*, 146 F.3d 188, 196 (3d Cir. 1998) (where relevant evidence is presumptively discoverable, respondents have burden to show that foreign tribunal would not be receptive); *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 377 (5th Cir. 2010) (second *Intel* factor tilts toward granting application where "there has been no 'clear directive' from the Ecuadorian court that it 'would reject evidence' produced in the United States"). Where applicants have sought to use evidence in non-judicial settings, however, decisions in this District have suggested that they must show evidence of receptivity. *See In re Application of Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008) (denying application in part due to lack of evidence on receptivity of arbitration tribunal, and in part due to evidence of bad faith in Section 1782 application); *In re Chevron Corp. (Bonifaz)*, 762 F. Supp. 2d 242, 250 (D. Mass. 2010) (granting application in part despite lack of clear evidence of receptivity due to importance of evidence in foreign proceedings, but denying application in part because neither party had presented proof of receptivity).

Unlike *Babcock Borsig* and *In re Chevron Corp*, both of which involved applications for discovery for use in foreign *arbitration* tribunals, this Application is the type of straightforward request for which Section 1782 was designed. Applicants seek

discovery assistance in a garden-variety civil action in a common-law jurisdiction where disclosure of evidence is a matter of course. There is no bar to admitting such evidence. Regardless, there is no requirement that the evidence be admissible in the Tanzanian court for it to be discoverable under Section 1782. *Shefftz*, 754 F. Supp. 2d at 261. Indeed, the Supreme Court held that a Section 1782 application may be granted even in the face of the foreign tribunal's express opposition. *See Intel*, 542 U.S. at 265 (holding that Section 1782 discovery could be proper despite the fact that the foreign tribunal "ha[d] stated in *amicus curiae* briefs to this Court that it does not need or want the District Court's assistance"); *see also In re Chevron Corp. (Donziger)*, 749 F. Supp. 2d 141, 161 (S.D.N.Y. 2010) (holding that even opposition of foreign court would not be dispositive).

### C. This application does not conceal an attempt to circumvent foreign proof-gathering restrictions.

The application is not an attempt to circumvent foreign proof-gathering restrictions, but rather a good-faith effort to obtain probative evidence for use in the Tanzanian litigation. Courts in this District commonly assess this factor by inquiring "whether the discovery is being sought in bad faith." *Shefftz*, 754 F. Supp. 2d at 262; *accord Babcock Borsig AG*, 583 F. Supp. 2d at 242. This inquiry does not require a showing that the requested information would be discoverable in the foreign jurisdiction, *Intel*, 542 U.S. at 247, 253, 259-62, or that the plaintiffs have attempted to obtain the information from the foreign tribunal. *See Babcock Borsig AG*, 583 F. Supp. 2d at 240 (Section 1782 does not impose an "exhaustion requirement" on applicants).[9] Rather, this

---

[9] In fact, although this has not happened here, it would be appropriate for this Court to grant the application even if the Tanzanian courts had explicitly declined to order the

court need only satisfy itself that Applicants are not seeking to use the Section 1782 process for abusive purposes.

Here, Applicants are plaintiffs in a foreign civil action for equitable relief and damages. Information that is in the hands of parties located in the United States is directly relevant to their merits case on land title as well as their application for a preliminary injunction, and to quantify and apportion liability for damages. This is a paradigmatic case that fits the precise of aims of Congress in enacting Section 1782: "[T]o assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws[.]" *Intel*, 542 U.S. at 262.

### D. The discovery sought is narrowly tailored to the needs of the Tanzanian litigation, and is neither burdensome nor intrusive.

Finally, Applicants' discovery requests are narrowly tailored to include only those issues that are likely to be relevant to the Tanzanian action. Discovery under Section 1782 is governed by the Federal Rules, and may be as broad and as liberal as the Federal Rules allow. *See Weber*, 554 at 1385; *see also In re* 28 *U.S.C. § 1782*, 249 F.R.D. 96, 106-07 (S.D.N.Y. 2008); *Fleischmann* v. *McDonald's Corp.*, 466 F. Supp. 2d 1020, 1029 (N.D. Ill. 2006). Here, the limited discovery sought from Respondents is neither unduly intrusive nor burdensome and falls well within the scope of discovery that the Federal

---

discovery Applicants request. The refusal of a foreign court to expend its own resources overseeing evidence production does not mean that the applicant is trying to circumvent "restrictions" by seeking Section 1782 assistance in the United States. *See, e.g., In re Chevron Corp. (Uhl, Baron, Rana & Associates*), 633 F.3d 153, 163 (3d Cir. 2011) (granting party discovery regardless of whether foreign court denied those same requests, because court might offer limited discovery yet accept relevant evidence if procured without its assistance); *In re Chevron Corp. (Rourke & Picone)*, 753 F. Supp. 2d 536, 540 (D. Md. 2010). This is so because "[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions and reasons that do not necessarily signal objection to aid from United States federal courts." *Intel*, 542 U.S. at 261.

Rules allow.

The requests for production of documents will refer to a limited universe of documents from a clearly delimited timeframe – those that provide information about the Respondents' involvement in and knowledge about the land transfer, the exclusion of Applicants' villages from use of the natural resources thereon, and the incidents of violence and destruction of property that Applicants allege occurred in the course of that exclusion. And the depositions will merely allow Applicants to investigate further the documents that are produced and to seek information related to these topics that may not have been recorded in written form. These are simple discovery requests and do not impose an undue burden on Respondents.

## IV. CONCLUSION

The information sought by this Application is essential to the full and fair adjudication of *Mondorosi Village Council v. Tanzania Breweries Ltd.* For the foregoing reasons, the Applicants respectfully request that the Court enter an Order granting leave to serve Respondents with the subpoenas annexed as Exhibits E-H to the Vahlsing Declaration.

Date: February 26, 2014 Respectfully Submitted,

*/s/* Lauren Carasik
Lauren Carasik, BBO# 558918
Western New England University School of Law
International Human Rights Clinic
1215 Wilbraham Road, Springfield, MA 01119
(413) 782-1504

Jonathan Kaufman
jonathan@earthrights.org
Marissa Vahlsing
marissa@earthrights.org
Marco Simons
marco@earthrights.org
Rick Herz
rick@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401,Washington, DC

20006
Telephone: (202) 466-5188

Counsel for Applicants