# EXHIBIT A

IN THE HIGH COURT OF TANZANIA

(LAND DIVISION)

AT ARUSHA

DISTRICT REGISTRAR High Court Arusha RECEIVED ON Date 4/7/2013

LAND CASE NO. 26 __ 2013

MONDOROSI VILLAGE COUNCIL..........................1st PLAINTIFF

SUKENYA VILLAGE COUNCIL............................ 2nd PLAINTIFF

SOITSAMBU VILLAGE COUNCIL.......................... 3rd PLAINTIFF

VERSUS

TANZANIA BREWERIES LTD. ..........................1st DEFENDANT

TANZANIA CONSERVATION LTD......................2nd DEFENDANT

NGORONGORO DISTRICT COUNCIL...................3rd DEFENDANT

THE COMMISSIONER FOR LANDS.....................4th DEFENDANT

THE ATTORNEY GENERAL.............................5th DEFENDANT

## PLAINT

The above-named Plaintiffs state as follows:-

1. That the 1st Plaintiff is a local Government Authority established under the Local Government (District Authorities) Act Cap. 287 RE 2002, and established *vide* Government Notice number 108 of 2010, a body corporate with perpetual succession and a common seal, it can sue and be sued in its corporate name incorporated under Certificate No. AR/KIJ/697, located within the Ngorongoro District, Arusha Region, Tanzania and their address for purposes of this suit is in the care of:-

   Matrix Consulting -Advocates
   King Solomon's House

P.O. Box 7104
Arusha

2. That the 2nd Plaintiff is a local Government Authority established under the Local Government (District Authorities) Act Cap. 287 RE 2002, and established *vide* Government Notice number 108 of 2010, a body corporate with perpetual succession and a common seal, it can sue and be sued in its corporate name incorporated under Certificate No. AR/KIJ/700, located within the Ngorongoro District, Arusha Region, Tanzania and their address for purposes of this suit is in the care of:-

**Matrix Consulting - Advocates**
**King Solomon's House**
**P.O. Box 7104**
**Arusha**

3. That the 3rd Plaintiff is a local Government Authority established under the Local Government (District Authorities) Act Cap. 287 RE 2002, and established *vide* Government Notice number 108 of 2010, a body corporate with perpetual succession and a common seal, it can sue and be sued in its corporate name incorporated under Certificate No. AR/KIJ/698, located within the Ngorongoro District, Arusha Region, Tanzania and their address for purposes of this suit is in the care of:-

**Matrix Consulting - Advocates**
**King Solomon's House**
**P.O. Box 7104**
**Arusha**

4. That the 1st Defendant is a limited liability company incorporated under the laws of Tanzania and its address for the purposes of this suit is:-

**Tanzania Breweries Ltd.**
**P.O. Box 9013**
**Dar es Salaam**

5. That the 2nd Defendant is a limited liability company incorporated under the laws of Tanzania, a foreign owned company, with a

certificate of incentives from the Tanzania Investment Centre and its address for the purposes of this suit is:-

**Tanzania Conservation Ltd.**
**P.O. Box 6074**
**Arusha**

6. That the 3rd Defendant is the Ngorongoro District Council, whose address for the purposes of this suit is:-

**The District Commissioner**
**P.O. Box 1**
**Loliondo**
**Ngorongoro**

7. That the 4th Defendant is the Commissioner for Lands in the Ministry of Lands, Housing and Human Settlements Development, whose address for the purposes of this suit is in the care of:-

**The Principal State Attorney**
**Attorney General's Chambers**
**P.O. Box 3144**
**Arusha**

8. That the 5th Defendant is the Honorable Attorney General and is a necessary party in these proceedings and his address for the purposes of this suit is:-

**The Principal State Attorney**
**Attorney General's Chambers**
**P.O. Box 3144**
**Arusha**

9. That the Plaintiffs claim jointly and severally, against the Defendants, for the ownership of village land known as 'Sukenya Farm' (also known as 'Enashiva Nature Refuge') comprising 12,617 acres (5106 hectares), in Ngorongoro District Council, which was abandoned by the 1st Defendant, then illegally sold and transferred by the 1st and 3rd Defendants to the 2nd Defendant, and/or without prejudice to the foregoing, **in the alternative,** that sometime in 2003, the 1st Defendant with the connivance of the 3rd and 4th Defendants, illegally acquired an extra 2,617 acres and further did not fully, fairly and promptly compensate the owners of the land, the communities,

through the original Soitsambu Village Council, for the taking of all 12,617 acres that the Plaintiffs had customarily and traditionally held in trust for their respective community under the original Soitsambu Village Council, under customary rights, prior to the 4th Defendant issuing a certificate of right of occupancy in the name of the 1st Defendant and then transferring the same into the name of the 2nd Defendant.

10. That sometime in 1984/1985, the 1st Defendant approached and requested the then Soitsambu Village Council to give it 10,000 acres of land for the cultivation of barley and other crops. The Soitsambu Village Council, after consulting with and receiving the approval of the Village Assembly, agreed to give the land with conditions, specifically, the land amount must not exceed 10,000 acres and that before the 1st Defendant applies for a right of occupancy, he must compensate and relocate the Maasai clans living and using the land suit.

***(Attached is a photocopy of the minutes from the Soitsambu Village Council dated 13th May 1984 and minutes from the Ngorongoro District Council dated 29th August to 1st September 1984, accompanied by a letter from The Ngorongoro District Council to Tanzania Breweries Ltd., dated 3rd May 1985 collectively marked 'MVC-1')***

11. That during the time the 1st Defendant was requesting Soitsambu Village Council for this land, the 1st Defendant was a public corporation exclusively owned by the Government of the United Republic of Tanzania, a factor that weighed heavily in influencing the Soitsambu Village Council and the Village Assembly to trust that the transaction would be honored.

12. That after giving the land, the 1st Defendant only cultivated 100 acres in 1985 and by 1987 had only cultivated a total of 700 acres, the remaining acreage remained unutilized and untouched. In fact, the pastoralist villagers from Soitsambu, Mondorosi, Sukenya and other nearby sub-villages, who at the time, were living legally, incorporated under the original Soitsambu village, carried on using the land for grazing their cattle, for the water sources and constructing bomas, without any disturbance, hindrance or opposition.

13. That sometime around 1987 the 1st Defendant ceased planting crops altogether and soon thereafter totally abandoned the land without any further cultivation or agricultural activity from 1987 to 2006.

14. That prior to, during and after handing over the land to the 1st Defendant, members of the Plaintiffs, as well as other communities living within the vicinity of the disputed land, continued using the land for grazing their cattle and other traditional community activities without any interference, opposition or disturbance from anyone, until sometime in 2006 when the Soitsambu Village Council was notified that the disputed land was now under the ownership of the 2nd Defendant.

***(Attached are the minutes from the Soitsambu General Assembly dated 1st March 2006 marked 'MVC-2' and minutes from Soitsambu, Sukenya and Mondorosi Villages dated 1st June 2013 collectively marked 'MVC-3')***

15. That the 1st Defendant had abandoned the disputed land for a period of over 17 years and that this neglect and abandonment led the Soitsambu Village Council, the Village Assembly, members of the Plaintiffs community, as well as the people who gained their livelihood from the disputed land, to believe that the 1st Defendant no longer had an interest in the land, hence continued occupying the land and using the same under traditional and customary rights allowing the communities proximate to the disputed land to graze their cattle, water for stocks of cattle, performing their cultural rituals, and other economic, social and cultural uses.

16. That despite the complete abandonment of the disputed land for some 16 years, in 2003 the 1st Defendant, in cooperation and collaboration with the 3rd and 4th Defendants, surveyed the disputed land adding 2617 acres and then registered the same in the name of the 1st Defendant.

*(Attached is a photocopy of the Certificate of Right of Occupancy (Title deed) dated 24 May 2004 issued to the 1st Defendant marked 'MVC-4')*

17. That on 24th May 2004, a right of occupancy was issued by the 4th Defendant to the 1st Defendant without any full, fair, or prompt compensation to any of the members of the community of the original Soitsambu village, as had been agreed to during the negotiations in 1984. And that the inclusion and addition of 2617 acres was contrary to the agreement, illegal and unwarranted as it was clearly agreed originally that 10,000 acres is what was handed over to the 1st Defendant by the Soitsambu Village Council.

***(Attached is a letter from the Chairman of the Ngorongoro District Council to Tanzania Breweries Ltd Dated 30th August 1984 marked 'MVC-5')***

18. That in May 2006, the 1st Defendant through a lease agreement sold the disputed land to the 2nd Defendant. That the 2nd Defendant, its agents and employees illegally and forcefully evicted all the villagers, some belonging to the Plaintiff communities, who were inhabiting on, or were using the land, burnt their bomas, destroyed their residential houses, rendering the families who were living their homeless and landless.

***(Attached is a copy of the lease agreement and official search result from the Land Registry in Moshi dated 23rd May 2013 marked 'MVC-6')***

19. That the 2nd Defendants, their agents and employees, have denied the villagers access to the disputed land, to the water sources that are found on the disputed land and have violently mistreated many members of the Maasai belonging to the Plaintiff communities and others who live proximate to the land in dispute.

20. That the 2nd Defendants with the assistance of the 4th Defendant have varied the disputed land use from plant and animal husbandry to tourism and continue to profit from the land and operate their business on the land to the detriment of the communities represented by the Plaintiffs.

21. That in regard to suing the 3rd and 4th Defendants, the Plaintiff has complied with the mandatory provisions of the law requiring the filing of the 30-day and 90 day notices, respectively.

*(Attached are the photocopies of the statutory notices to the Commissioner for Lands and Ngorongoro District Council collectively marked 'MVC-7')*

22. That the cause of action arose in 2003, in Soitsambu Ward, Ngorongoro District, Arusha Region in Tanzania thus within the jurisdiction of this Honourable Court

23. That the value of the subject matter is not less than One Billion (1,000,000,000.00) Tanzanian Shillings.

**WHEREFORE**, the Plaintiff prays for judgment and decree against the Defendants as follows and the Court be pleased to issue orders that:-

(i) An order that the 1st Defendant abandoned the disputed land sometime in 1987 and that by adverse possession, the land reverted back into the ownership of the Plaintiffs, who are the rightful and legal owners and that they be registered as such under the relevant law.

(ii) An order that the lease/sale agreement between the 1st Defendant and 2nd Defendant in June 2006 is illegal because the 1st Defendant had no rights to lease or sell the disputed land.

(iii) An order that the 3rd Defendant revoke and cancel the certificate of occupancy granted to the 1st and 2nd Defendants, because the disputed land belongs to the Plaintiffs who have been possessing the land under customary ownership and adverse possession following the abandonment of the land by the 1st Defendant from 1987.

(iv) An order that the 1st and 2nd Defendants each of them pay damages for illegal occupation, depriving the rightful owners access to their land and for waste committed on the suit land.

IN THE ALTERNATIVE

(v) An order that the 1st, 2nd and 3rd and 4th Defendants illegally confiscated 2617 acres of land from the Plaintiff.

(vi) An order that the Plaintiffs are the legal and rightful owners of the 2617 acres.

(vii) An order that the 1st, 2nd, 3rd and 4th Defendants pay damages to the Plaintiffs for the illegal acquisition, illegal occupation and use and for depriving the rightful owners, access and enjoyment of their land and for waste committed on the 2617 acres.

(viii) An order that the 1st, 2nd, 3rd and 4th Defendants justly, fairly and adequately compensate the Plaintiff for the alienation of the 10,000 acres as was required by contract and by law.

(ix) Any other orders that this Honorable Court deems fit and proper.

DATED AT ARUSHA this 27th day of June 2013

DATED AT ARUSHA this 27th day of June 2013

PRINCIPAL OFFICER OF THE 1st PLAINTIFF

PRINCIPAL OFFICER OF THE 2nd PLAINTIFF

PRINCIPAL OFFICER OF THE 3rd PLAINTIFF

ADVOCATE DULLY INSTRUCTED

## VERIFICATION

We **JOSHUA MAKKO, LOSERIAN MINIS, and LOTHA NYARU**, the principal officers of the Plaintiffs above-named, do hereby state that all what is stated above in paragraphs 1,2,3,4,5,6,7,8,10,11,12,13, 14,15, 16,17,18,19 and 20 is true to the best of our knowledge and understanding and that what is stated in paragraphs 9,21,22,23 and 24 is based upon information that we have received from our advocates and we verily believe the same to be true.

DATED AT ARUSHA this 27th day of June 2013

JOSHUA MAKKO

LOSERIAN MINIS

LOTHA NYARU

Verified at Arusha this 27th day of June 2013

Presented for filing this 04 day of ~~June~~ July 2013

REGISTRY OFFICER

Drawn Gratis by:

Legal and Human Rights Centre (LHRC)
Legal Aid Unit – Arusha
P.O. Box 15243
Arusha

And
Matrix Consultants Advocates
King Solomons House-Corridor Area
P.O. Box 7104
Arusha

COPIES TO BE SERVED ON:

The Managing Director
Tanzania Breweries Ltd.
P.O. Box 9013
DAR ES SALAAM

The Managing Director
Tanzania Conservation Ltd.
P.O. Box 6074
ARUSHA

District Commissioner
Ngorongoro District Council
P.O. Box 1
Loliondo
Ngorongoro

Commissioner for Lands
Ministry of Lands, Housing and Human Settlements Development
P.O. Box 190
Moshi

The Honourable Attorney General
Attorney Generals Chambers
P.O. Box 3144
ARUSHA