UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE APPLICATION OF LOSERIAN MINIS, *ET AL.* FOR AN ORDER GRANTING LEAVE TO ISSUE SUBPOENAS FOR THE TAKING OF DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | ) ) Case No. 1:140-mc-91050-DJC-LTS ) ) ) ) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR
DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

ARGUMENT

1. ***Applicants are "interested persons" within the meaning of 28 U.S.C. 1782.*** The Village Councils of Sukenya, Soitsambu, and Mondorosi – the three plaintiffs in the Tanzanian *Mondorosi* action – all held duly constituted meetings in which they expressly authorized Applicants – their respective village Chairmen – to enter into representation agreements with counsel in order to file an action for discovery against Respondents in this Court.[1] *See* Declaration of Loserian Minis ¶ 5; Declaration of Lotha Nyaru ¶ 5; Declaration of Joshua Makko ¶ 5.[2] These Village Council authorizations were valid despite the absence of Respondents' Declarant, William Alais, as Ward officers do not have the authority to preside over Village Council meetings and the power to sue or be sued on behalf of the Village is vested solely in the Village Council. Minis Decl. ¶¶ 2-3; Nyaru Decl. ¶¶ 2-3; Makko Decl. ¶¶ 2-3; Declaration of Rashid S. Rashid ¶¶ 2-4. Even if not authorized, Applicants would be interested persons within the meaning of the statute because they have an interest in the outcome of the case. The term "interested person" includes anyone who "possess[es] a reasonable interest in obtaining [judicial] assistance," and sweeps well beyond the litigants in the foreign legal action. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004); *see also Lazardis v. Int'l Centre for Missing and Exploited Children, Inc.*, 760 F.Supp. 2d 109, (D.D.C. 2011). As the Chairmen of their respective Villages, the Applicants

---

[1] *Mondorosi Village Council v. Tanzania Breweries Ltd.*, Land Case No. 26 of 2013 (Arusha High Ct.) (Tz.). Contrary to Respondents' allegations, Applicants were clear in their Application that they participate in their representative capacity in the *Mondorosi* action. Dkt. 2, Mem. at 1 n.2, 3. As representatives of their respective Villages, they signed the papers in the *Mondorosi* action, Dkt. 2, Vahlsing Decl. Ex. A at 9-10 ["*Mondorosi* Plaint"].
[2] Applicants submit copies of the minutes of these Village Council meetings, Minis Decl. Ex. A; Nyaru Decl. Ex. A; Makko Decl. Ex. A, and English translations of the relevant portions of these minutes. Ngalula Decl. Ex. A, B, & C.

could testify and submit evidence in the *Mondorosi* litigation, and clearly have an interest in obtaining judicial assistance for their three communities.[3]

2. ***Applicants seek to use the information in the* Mondorosi *action in Tanzania.*** Contrary to Respondents' arguments, Applicants need not show that the discovery sought is admissible in the foreign tribunal. *See In re Asta Medica, S.A.*, 981 F.2d 1, 7 n.6 (1st Cir. 1992); *Brandi-Dohrn v. IKB Deutsche Industriebank Ag*, 673 F.3d 76, 81-82 (2d Cir. 2012) (collecting cases). Regardless, Applicants do make that showing.[4] Respondents' conclusory statements that the information requested goes beyond the issues in the Tanzanian case, Dkt. 10 at 5-6, ignore the *Mondorosi* Plaintiffs' allegations that villagers were subject to violent attacks and destruction of property and their claim for damages suffered in the deprivation of their right to the land. *See Mondorosi* Plaint ¶¶ 12, 14, 18, 19 & p. 8; Rashid Decl. ¶¶ 5-7.[5]

3.      ***Respondents are neither parties to the foreign action nor subject to the jurisdiction of the Tanzanian court.*** Respondents insist that Mr. Thomson and Ms. Wineland are "active participants" in the *Mondorosi* action, Dkt. 10 at 7, but none of the Respondents are named parties. *Mondorosi* Plaint at 1. Moreover, neither Mr. Thomson nor Ms. Wineland commit to submitting to the compulsory jurisdiction of the Tanzanian courts or to waive their right to object to the production of documents. *See* Rashid Decl. ¶¶ 13-14

---

[3] Contrary to Respondents' contention, the Villages of Soitsambu and Mondorosi do in fact have jurisdiction over the property that forms the basis of the *Mondorosi* action. Minis Decl. ¶ 4; Nyaru Decl. ¶ 4; Makko Decl. ¶ 4; *Mondorosi* Plaint ¶ 9.  Regardless, in making this argument, Respondents ask this Court to preempt the High Court of Tanzania and prejudge the outcome of the *Mondorosi* action. A Section 1782 proceeding is not the place to contest the merits of the foreign action. It is enough for present purposes that Soitsambu and Mondorosi claim in the foreign proceeding that they have jurisdiction.
[4] Copies of documents produced by Respondents would likely be admissible. Rashid Decl. ¶ 10, 12 (citing Tanzania Evidence Act Sections 63 & 67).  And evidence of prior inconsistent statements – for example, from depositions – could be used to impeach Respondents if they were to testify in Tanzania, *see id.* (citing Evidence Act Section 164(1)(c)); Dkt. 12 ¶ 2.Other relevant portions of Tanzania's Evidence Act are attached as Ex. B to the Rashid Decl.
[5] Tanzanian courts consider information relevant to the cause or effect of relevant facts at issue in a case, as well as facts that show motive or preparation.  Facts that will enable the court to determine the quantum of damages to be awarded are also relevant. *See* Rashid Decl. ¶ 10.

(describing limitations of Tanzania's Evidence Act and practical difficulties in summoning non-domiciliary witnesses). And if their only direct connection to Tanzania is frequent travel, *see* Dkt. 12 ¶ 2; Dkt. 14 ¶ 4(b), Respondents could avoid a Tanzanian summons simply by staying home. *See In re Michael Wilson & Partners, Ltd.,* No. 06-cv-02575-MSK-PAC (MEH), 2007 U.S. Dist. LEXIS 54624, at *17 (D. Colo. July 26, 2007) (granting discovery in part because respondents would not commit to submitting to jurisdiction in foreign proceeding). Respondents cite *Lopes v. Lopes*, 180 Fed. Appx. 874, (11th Cir. 2006), which actually supports Applicants. The Eleventh Circuit concluded that this *Intel* factor favored discovery from third-party banks not within the compulsory jurisdiction of the foreign tribunal, although the account holder argued he was a "participant" to the foreign proceeding and thus subject to that court's compulsory jurisdiction. *Lopes*, 180 Fed. Appx. at 877-878.

Respondents make no representation about the willingness of Respondent Thomson Safaris to provide evidence to the Tanzanian court and fail to show that Thomson Safaris could be summoned, i.e. whether Thomson Safaris actually has any presence, assets, or direct activities in Tanzania. That the Tanzanian court may have jurisdiction over the Tanzanian "sister companies" of Thomson Safaris is no barrier to this Application. *See, e.g.*, *Consorcio Minero, S.A. v. Renco Group, Inc.*, No. 11 MC 354, 2012 U.S. Dist. LEXIS 44317 (S.D.N.Y. Mar. 28, 2012); *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020 (N.D. Ill. 2006).

4. **The Tanzanian court would be receptive to evidence produced here.** "[T]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court" favor granting discovery. *Intel*, 542 U.S. at 264. *Mondorosi* is a garden-variety civil case, in a country with a common law system. *See In re ROZ Trading Ltd.*, No.

3

1:068 cv-02305-WSD, 2007 U.S. Dist. LEXIS 2112, at *7 (N.D. Ga. Jan. 11, 2007) (noting that the proceedings "appear to anticipate that the parties will produce information relevant to the dispute"). Tanzanian courts will consider any evidence produced pursuant to 28 U.S.C. § 1782 according to the same rules as any other evidence. *See* Rashid Decl. ¶¶ 8-9.[6] Respondents' suggestion that Applicants must provide an affirmation from the court is misguided; there is no procedure by which a litigant in a civil lawsuit in Tanzania could seek a letter from a judge prejudging the utility of evidence gathered abroad. *Id.* ¶ 8. Regardless, a Section 1782 application may be granted even in the face of the foreign tribunal's express opposition. *See Intel*, 542 U.S. at 265.

5. ***The Application is a good-faith effort to gather information for* Mondorosi.** Respondents speculate without evidence that this Application is actually an "attempt to circumvent" a discovery stay in a California defamation case *filed by Respondents* against unknown third parties. Dkt. 10 at 8-10. Not so. Except that the defendant/s there appear to sympathize with Applicants' plight, Applicants have nothing to do with the California suit. None of the Applicants even knows who the California defendant/s are, nor have they ever knowingly communicated with them. Minis Decl. ¶ 7; Nyaru Decl. ¶ 7; Makko Decl. ¶ 7. Applicants are neither parties nor participants in the suit or the defendant/s' anti-SLAPP counter-suit.[7]

6. ***The discovery requests are tailored to the* Mondorosi *action and are not unduly burdensome.*** Each request relates specifically to the allegations, claims or theories of

---

[6] Given this, Respondents' reliance on *In re Babcock Borsig AG*, 583 F.Supp.2d 233, 242 (D. Mass. 2008) – which involved hypothetical proceedings in an arbitral tribunal, not a pending suit in a common law court – is misplaced.
[7] Regardless, Respondents' claim is irrelevant. *See Ahmad Hamad Algosaibi & Bros. Co. v. Std. Chtd. Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 439 (S.D.N.Y. 2011) (the possibility that applicants might use 1782 discovery for litigation against respondents was "irrelevant" because the information sought was relevant to foreign proceedings and "for use" in those proceedings).

4

liability in *Mondorosi*, or to the amount of damages that should be awarded. Rashid Decl. ¶ 6. Respondents present no evidence that *any* Respondent is subject to the jurisdiction of the Tanzanian courts, and the fact that some of the requested information may exist additionally or uniquely in Tanzania is no barrier to this Application. *See, e.g.*, *In re Application of Chevron Corp.*, No. 11-24599-CV-COOKE/TURNOFF, 2012 U.S. Dist. LEXIS 123315, at *30-31 (S.D. Fla. June 11, 2012); *In re Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. Civ. M19-88 (BSJ), 2006 U.S. Dist. LEXIS 94161, at *5 (S.D.N.Y. Dec. 29, 2006). Regardless, Respondents concede that some responsive documents may exist in this District. Dkt. 12 ¶ 3. Respondents provide no basis or explanation for their estimate of staff time needed to respond to the requests; in any event, the estimate is not unduly burdensome given the seriousness of the claims and the likelihood that Respondents will have to produce similar documents and testify on similar topics in the *Mondorosi* action or the California suit.[8]

## CONCLUSION

For the foregoing reasons, this Court should grant the Application in its entirety.

Dated: April 8, 2014                    Respectfully submitted,

/s/ Jonathan Kaufman
JONATHAN KAUFMAN

Jonathan Kaufman
jonathan@earthrights.org
Marissa Vahlsing
marissa@earthrights.org
Marco Simons
marco@earthrights.org

---

[8] Although this Court ordered Respondents to brief "both any objections to the issuance of the discovery requests as well as any objections to their scope," Dkt.7 at 2, Respondents limit their response to contesting the issuance of the application. They do not present any specific objections to the individual discovery requests or provide any basis for narrowing the requests or lessening their "burden." Respondents have therefore waived any opportunity to make further objections to the scope of discovery or to narrow it if this Court grants the Application. *See, e.g.*, *In re Mesa Power Group, LLC*, 878 F. Supp. 2d 1296 (S.D. Fla. 2012) (denying motion to quash Section 1782 subpoena where respondent failed to file specific objections and took an "'all-or-nothing discovery challenge[]' approach"); *In re Chevron Corp.,* No. 10mc21, 2010 U.S. Dist. LEXIS 144794, at *11 (D.N.M. Sept. 13, 2010).

Richard Herz
rick@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401, Washington, DC 20006
Telephone: (202) 466-5188

Lauren Carasik, BBO# 558918
Western New England University School of Law
International Human Rights Clinic
1215 Wilbraham Road, Springfield, MA 01119
(413) 782-1504

## CERTIFICATE OF SERVICE

I, Jonathan Kaufman, hereby certify that this document is being filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon those indicated as non-registered participants.

DATED: April 8, 2014

                                                  */s/ Jonathan Kaufman*
                                                  Jonathan Kaufman