UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LOSERIAN MINIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Miscellaneous Business Docket |
| | ) | No. 14-91050-DJC |
| THOMSON, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER ON
APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

April 18, 2014

SOROKIN, C.M.J.

Petitioners, three Tanzanian public officials of three different villages, seek discovery, Doc. No. 2, from the respondents, a Massachusetts corporation and two Massachusetts residents which collectively own and control a Tanzanian corporation in litigation with the three Petitioners' villages over ownership of land in Tanzania. Petitioners invoke 28 U.S.C. § 1782. Respondents oppose. Doc. No. 10.

Petitioners filed their Application on February 26, 2014. On April 4, 2014, the matter was referred to this Court. On April 10, 2014, the Court scheduled a hearing for April 18, 2014, although neither party invoked Local Rule 7.1 or otherwise requested a hearing. On April 15, 2014, Respondents filed an emergency motion to continue the hearing due to significant events in the lives of two of Respondents' counsel. The earliest date on which counsel for both parties are reasonably available is May 7, 2014. Under these circumstances, the Court concludes

that the limited value of a hearing in this case is outweighed by the benefits of a prompt disposition. Therefore, the April 18, 2014 hearing is cancelled and the Court will proceed to resolve the dispute on the papers filed by the parties.

DISCUSSION

Section 1782 provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782.

Petitioners must satisfy three statutory requirements to obtain discovery under this section: (1) the petitioners seek discovery from a resident of the district in which the court sits; (2) the discovery is intended for use before a foreign tribunal; and (3) the petitioners are persons interested in the foreign proceeding.[1] 28 U.S.C. § 1782(a); see Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256-65 (2004). The parties agree Petitioners satisfy the first prong.

The Petitioners satisfy the second prong. The complaint (or "Plaint" under Tanzanian terminology) alleges that the respondent's subsidiary in Tanzanian without right, and improperly, took control or ownership of approximately 12,000 acres belonging to the three villages of which Petitioners are officials. It further alleges the forced eviction of local inhabitants and waste committed on the land. Specifically, the Plaint alleges:

- Sometime in 1984/1985, the Soitsambu Village Council agreed to give 10,000 acres of land for the cultivation of barley and other crops, to Defendant Tanzania Breweries LTD ("TBL"), a corporation then exclusively owned by the Tanzanian Government. Agreement was on the condition that any right of occupancy be predicated on TBL's compensation to, and relocation of, the Maasai clans then living on and using the

---

[1] In addition, § 1782 shields disclosure of privileged materials. 28 U.S.C. § 1782(a); see Intel Corp., 542 U.S. at 260.

- land. Doc. No. 2-3 ¶¶ 10-11.

- By 1987, TBL had cultivated only 700 acres of the land. Local villagers continued to use the remainder of the land without hindrance, as a water source and for grazing their cattle and constructing bomas. Id. ¶ 12.

- In approximately 1987, TBL totally abandoned the land without further cultivation from 1987 to 2006. Id. ¶ 13.

- Up until 2006, the Plaintiff villages continued to use the land for grazing and all traditional community activities without interference. In 2006, the Soitsambu Village Council was notified that Defendant Tanzania Conservation LTD ("TCL")[2] came into ownership of the disputed land. Id. ¶ 14.

- In 2003, despite TBL's abandonment of the land, TBL, in cooperation with Defendants Ngorongoro District Council ("District Council") and The Commissioner for Lands ("Commissioner"), surveyed the land, including an additional 2,617 acres, and registered the entire 12,617 acres in the name of TBL. Id. ¶ 16.

- On May 24, 2004, the Commissioner issued a right of occupancy to TBL, without TBL paying any compensation to the villagers as was previously agreed in 1984. Furthermore, the right of occupancy included the additional 2,617 acres not contemplated by the 1984 agreement. Id. ¶ 17.

- In May 2006, TBL, "through a lease agreement sold the disputed land to" TCL. TCL then "illegally and forcefully evicted all the villagers, . . . burnt their bomas, [and] destroyed their residential houses, rendering the families who were living [there] homeless and landless." Id. ¶ 18.

- TCL denied the villagers access to the disputed land, and to the water sources there, and have "violently mistreated many members of the Maasai belonging to the Plaintiff communities and others who live proximate to the land in dispute." Id. ¶ 19.

- TCL, assisted by the Commissioner, has changed the use of the disputed land from plant and animal husbandry to tourism. TCL continues to profit from the land and operate its business on the land to the detriment of the Plaintiff villages. Id. ¶ 20.

Petitioners seek discovery relevant to these allegations (putting aside questions of overbreadth addressed below). Many of the discovery requests directly seek information regarding ownership of the land or its use (which would bear on the adverse possession claim asserted by the villages). Doc. No. 2-7 ¶¶ 1-6, 9-10, 15. Other requests seek information as to

---

[2] The Plaint identifies TCL as "a limited liability company incorporated under the laws of Tanzania, a foreign owned company[.]" Id. ¶ 5.

policies, reports, grievances, investigations, and any involvement of Respondents or their Tanzanian agents, with respect to the alleged eviction of the Maasai villagers and destruction of their property. Id. ¶¶ 7-8, 11-14, 16-17. Moreover, contrary to Respondents' position, Petitioners are not required to show that the information they seek would be discoverable (or admissible) in the Tanzanian litigation in order to satisfy the second prong.[3] See Intel Corp., 542 U.S. at 260-62; In re Application of Chevron Corp., 762 F. Supp. 2d 242, 251 (D. Mass. 2010) (foreign tribunal could always limit admissibility of evidence once received).

Regarding the third prong, the Petitioners must establish that they are interested parties in the litigation in Tanzania. Contrary to Petitioners' papers, they are not the plaintiffs in Tanzania. Doc. No. 2-1 at 2, 7. The Villages filed the Plaint in their own name. Doc. No. 2-3 at 2-3. The Petitioners are, however, the officials that verified and signed the Plaint on behalf of their respective villages. Doc. No. 17 at 1; Doc. Nos. 17-1, 17-2, 17-3; Doc. No. 2-3 at 10. The caselaw interprets the phrase "interested persons" more broadly than litigant or party to a foreign proceeding. See Intel Corp., 542 U.S. at 256-57 ("interested person" has participation rights in foreign proceeding and includes foreign officials and those with reasonable interest in obtaining judicial assistance). Under this broader rubric, the Petitioners satisfy the statutory prerequisite. They are the officials that, at least according to the Plaint, are the officials directing and authorizing the litigation. As such, the Court views their requests as made in their official capacity.[4]

---

[3] The Court may, nonetheless, evaluate discoverability in its discretion regarding foreign receptivity, which is addressed below. Id. (citing Intel Corp., 542 U.S. at 264-65).

[4] Respondents complain that no new litigation may be commenced by these officials without the approval of a village council and that no such approval has issued. Petitioners, however, attest to having acquired that very authority with respect to this Application. Doc. Nos. 17-1, 17-2, 17-3; see also Doc. Nos. 17-4, 17-5. Moreover, this Court need not resolve any dispute regarding whether under Tanzanian law the Petitioners obtained the proper authorizations to sue. Petitioners verified the Plaint in their roles as Village officials. They continue to hold office and seek discovery plainly related to the Plaint. For these reasons, and those in the text, they qualify as "interested persons" under the statute.

Thus, Petitioners satisfy the three statutory prerequisites. The Court must also consider several discretionary factors before rendering a ruling. The discretionary factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign body to U.S. federal court assistance; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States[,]"; and (4) whether a request is unduly intrusive or burdensome. Intel Corp., 542 U.S. at 264-65. These factors weigh in favor of granting Petitioners' request.

First, were the Respondents participants in the Tanzanian litigation such that the Tanzanian court had jurisdiction over them, "the need for § 1782(a) aid generally [would not be] as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." Intel Corp., 542 U.S. at 264. Respondents Wineland and Thomson claim to be participants insofar as they are principals in TCL, a party to the Tanzanian litigation. They do not claim, however, to be parties to the litigation themselves or to be subject personally to the jurisdiction of the Tanzanian court. They have also not consented to personal jurisdiction in Tanzania. Furthermore, nothing before the Court suggests that Respondent Thomson Safaris is subject to the Tanzanian court's jurisdiction.

Second, the Tanzanian court has not taken a position on either this petition or discovery sought here by the Petitioners. Courts vary regarding which party bears the burden of proof as to receptivity. See, e.g., In re Application of Chevron Corp., 762 F. Supp. 2d at 252 (both parties should offer authoritative proof regarding receptivity); In re Chevron Corp., No. 7:10-MC-00067, 2010 WL 4883111, at *3 (W.D. Va. Nov. 24, 2010) (respondent must demonstrate authoritative proof that foreign tribunal is unreceptive to discovery sought); In re Babcock

5

Borsig AG, 583 F. Supp. 2d 233, 241-42 (D. Mass. 2008) (requiring affirmative indication of receptivity of foreign arbitral tribunal where petitioner had not taken formal steps toward arbitration and where demonstrated "bad blood" between parties suggested exercising restraint in compelling discovery).

Here, Respondents offer no proof that the Tanzanian Court would be unreceptive to the discovery sought. Petitioners assert, and a reading of the Plaint confirms, that the litigation in Tanzania is a "garden-variety civil case, in a country with a common law system[,]" Doc. No. 17 at 3, regarding a dispute over ownership and control over land. Petitioners also contend that "Tanzanian courts will consider any evidence produced pursuant to 28 U.S.C. § 1782 according to the same rules as any other evidence." Doc. No. 17 at 4. Petitioners further contend that "there is no procedure under Tanzanian law for seeking the affirmative confirmation of a presiding judge that he or she would be receptive to the information, because the court will consider it according to the provisions of Tanzania's Evidence Act just as it would any other evidence that a party to pending civil litigation might seek to introduce." Doc. No. 17-4 ¶ 8 (Declaration of Rashid Salim Rashid, counsel for Plaintiffs in the Tanzanian litigation). In Intel, the Supreme Court held that § 1782(a) contains no "foreign-discoverability requirement." Intel Corp., 542 U.S. at 253. The Court further noted that a foreign tribunal can always place limitations on the acceptance of information produced. Id. at 262. In light of the circumstances here, there is no indication that Petitioners' request would infringe on the sovereignty of the Tanzanian Court, transgress its rulings, or that it would be anything other than receptive to relevant evidence produced as a result of this proceeding. See Chevron Corp., 762 F. Supp. 2d at 251.

Third, Respondents allege that Petitioners' request conceals an attempt to circumvent a foreign discovery order. This argument is without any merit. No such order entered in Tanzania. Respondents cite only to a defamation suit brought by Respondents in state court in California in which a stay of discovery order has entered pending appeal of a ruling on a special motion to strike pursuant to California's anti-SLAPP statute. Doc. No. 10 at 2-3; Doc. No. 11-4. Petitioners are not parties to that suit. Doc. No. 17 at 4 ¶ 5; Doc. No. 11-1 at 2-3. Indeed, Respondents, despite asserting that "petitioners . . . own litigation tactics," Doc. No. 10 at 10, in California resulted in a stay of discovery there, have produced no evidence whatsoever that Petitioners are defendants in the lawsuit in California or otherwise directing the defense counsel in that case.

Finally, Respondents contend that the discovery requests are intrusive and overly burdensome because: (1) numerous of the requests are irrelevant to the Tanzanian litigation;[5] (2) many of the TCL documents are in Tanzania, not Massachusetts; (3) the requests are "extremely wide-ranging in scope and time and would require hundreds of hours of staff time to attempt to locate isolate and copy (Wineland Declaration, ¶ 3 [Doc. No. 12])". Doc. No. 10 at 10. Respondents are incorrect.

Petitioners' Application lists seventeen requests for documents, three of which have subparts. Doc. No. 2-7 at 4-7. The period covered is from January 1, 2005 to the present. Id. at 4. Thus, the requests begin with the year leading up to the point in 2006 when the Soitsambu Village Council was notified that TCL came into ownership of the disputed land. Doc. No. 2-3 ¶ 14. This is the relevant time frame. Furthermore, the requests seek records which address the land ownership, land use, legal relationships between the Respondents and the Tanzanian

---

[5] Respondents characterize the Tanzanian litigation as being solely concerned with rights of ownership, occupancy, and use of the dispute land. Doc. No. 14 ¶ 3 (Declaration of Sinare Zaharanin).

Defendants, and internal policies and procedures, and reports and investigations regarding the claim that Maasai villagers were deprived of the land's resources and that Maasai property was destroyed. As such, the requests are germane to the claims in the Tanzanian Plaint challenging the ownership of the disputed land, alleging adverse possession, and alleging damages arising from forced eviction and of waste committed on the land.

That some records might be located in Tanzania does not bar Petitioners' Application. Discovery under § 1782, is in accordance with the Federal Rules of Civil Procedure, 28 U.S.C. § 1782(a), and will entail production of all that is under the possession, custody, or control of Massachusetts residents Wineland and Thomson, and Massachusetts entity Thomson Safaris. Respondents offer no more than a conclusory statement that producing records potentially located in Tanzania, which relate to TCL, Wineland and Thomson's Tanzanian entity, would be burdensome.[6]

All four discretionary factors weigh in favor of the Petitioners.

## CONCLUSION

For the foregoing reasons, Petitioners' Application for Discovery Pursuant to 28 U.S.C. § 1782, is ALLOWED. Respondents shall produce the discovery sought within twenty-one days. The depositions shall occur by June 15, 2014, but not prior to the production of documents absent agreement of all counsel.

   /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[6] They have not argued that Petitioners' discovery request is really just an attempt to obtain discovery of documents in Tanzania by way of this proceeding.